379 F.2d 540
 LUIGI SERRA, INC. and Ansaldo S.p.A., Libelants-Appellees,
v.
SS FRANCESCO C, her engines, boilers, etc., Soc. Di Nav.
'San Francesco' S.p.A. Angelo Scinicariello, Costa Line,
Giacomo Costa Fu Andrea, Universal Terminal & Stevedoring
Corp. and Frank J. Holleran, Inc., Respondents-Appellants.
 No. 457, Docket 30040.
 United States Court of Appeals Second Circuit.
 Argued May 10, 1967.
Decided June 7, 1967.
 
 Alan S. Loesberg, New York City (Joseph T. McGowan, Hill, rivkins, Warburton, McGowan & Carey, New York City, on the brief), for appellees.
 Robert H. Peterson, New York City (Eli Ellis, Hill, betts, Yamaoka, Freehill & Longcope, New York City, on the brief), for appellants Universal Terminal & Stevedoring Corp. and Frank J. Holleran, Inc.
 John H. Cleveland III and Joseph M. Costello, New York City (Tallman Bissell, Haight, Gardner, Poor & Havens and Costello, Ward, Tirabasso & Shea, New York City, on the brief), for appellants Soc. Di Nav. 'San Francesco' S.p.A. and Costa Line, Giacomo Costa Fu Andrea, respectively.
 Before SMITH, KAUFMAN and HAYS, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from a judgment entered in the United States District Court for the Southern District of New York granting libelants recovery for damage done to two separately packaged turbine wheels, each weighing over 20,000 pounds, shipped on board the SS Francesco C in January 1961. The district court, in an opinion unofficially reported at 1965 AMC 2029, limited the liability of the vessel owner and time charterer to $500 per package in accordance with the requirements of the Carriage of Goods by Sea Act, 46 U.S.C. 1304(5), and held the stevedore, Universal Terminal & Stevedoring Corp., and the carpenter, Frank J. Holleran, Inc., liable for all damage to the cargo and for indemnification of all expenses incurred by the vessel owner and charterer. The stevedore and carpenter contend that the district court erred in holding that their negligence was the principal cause of the cargo damage.
 
 
 2
 The district court's determination 'on the issue of negligence does not fall within the 'unless clearly erroneous" test of Fed.R.Civ.P. 52(a). Mamiye Bros. v. Barber S. S. Lines, Inc., 360 F.2d 774, 776-778 (2d Cir.), cert. denied, 385 U.S. 835, 87 S.Ct. 80, 17 L.Ed.2d 70 (1966). However, our review of the findings of evidentiary fact on which the ultimate question of negligence depends is subject to the limitation of rule 52(a).
 
 
 3
 Here the evidence amply supports the trial court's finding that Universal failed properly to discharge both its obligation to supervise the stowing and securing of the cargo and its responsibility for formulating the plan of stowage, in particular by failing to provide properly for the security of the two Ansaldo cases by adequate positioning and support. The evidence also establishes that Holleran, Inc. used inadequate materials for shoring, bracing and chocking the two cases and that Holleran, Inc.'s supervisory personnel failed properly to inspect the work done. We find no error in the district court's conclusion that the stevedore and the carpenter were negligent in discharging their duties and that their negligence was the principal cause of the damage to the cargo.
 
 
 4
 There is no merit in appellants' contention that the district court abused its discretion in limiting the cross-examination of libelants' expert witness.
 
 
 5
 The judgment is affirmed.